EVERETT E. BOLLE, Director of Legislative Services, WisconsinState Assembly
By 1977 Assembly Resolution 26, the Wisconsin State Assembly has requested my opinion concerning the constitutionality of sec.70.11 (24), Stats.,[1] relating to a property tax assessment exclusion for improvements for property in a "conservation area." *Page 327 
The statute in question provides that any city, town or village may establish a conservation area by resolution of its governing board. The statute provides that such resolution shall state, among other things, the boundaries of the area, the substandard, outworn or outmoded condition of the buildings in the area, that these conditions depreciate values, impair investments and reduce the capacity to pay taxes, and that it is necessary to create inducements and opportunities for employment of private investment and capital in the rehabilitation and conservation of the area. The statute provides that any improvement made by an owner after the adoption of such a resolution, through private investment to any existing completed structure in the area, shall be excluded by the assessor in arriving at the assessment of the real estate, but not to exceed a certain maximum. This assessment exemption may continue for five assessment years, and the maximum value of any assessment exclusion for said five-year period shall either be $1,000 or ten percent of the value of the improved property, as determined by the governing body of the municipality. The statute contains other provisions with respect to how an owner may apply for such an *Page 328 
assessment exemption and how such exemption shall be determined and reviewed.
The statute is intended to give certain property owners a partial exemption from taxation by use of the assessment exemption related to certain improvements made upon the property.
It is my opinion that sec. 70.11 (24), Stats., is unconstitutional as a violation of the requirement of uniformity contained in Wis. Const. art. VIII, sec. 1.
In Gottlieb v. Milwaukee, 33 Wis.2d 408, 147 N.W.2d 633 (1967), the Wisconsin Supreme Court struck down as being violative of the uniformity clause the "urban redevelopment law" set forth in sec. 66.405 to sec. 66.425, Stats., inclusive. That law authorized local governing bodies of Wisconsin cities to enter into contracts with persons who had formed redevelopment corporations. These contracts required the erection of buildings or improvements according to an approved plan in an area of the city found to be substandard or insanitary in exchange for the privilege of a partial tax freeze. This meant that the redevelopment corporation could be exempt for a period of not more than 30 years from paying anything more than the "maximum local tax" which was defined as the tax that would have been payable if computed on the last assessed valuation of the parcel of real estate prior to the transfer of the property to the redevelopment corporation. The court went into considerable detail explaining the standards for tax uniformity required by the Wisconsin Constitution. 33 Wis.2d at 416-426. The court said:
 ". . . It is apparent that the property of the redevelopment corporation is subject to a portion of the property tax, but by a statutory concession it is not subject to all of the tax that would fall on other property of equal current value. It is partially exempt.
 "For reasons that the legislature considers sufficient, the property of the redevelopment corporation is given preferential treatment and bears less of its tax burden on the true ad valorem basis than does other property. This law accomplishes its intended, but constitutionally prohibited, purpose — the unequal taxation of property. Property taxes where such a freeze is in force are not uniform in their impact on property *Page 329 
owners. Such lack of uniformity is accomplished by a prohibited partial exemption from taxation. . . ." 33 Wis.2d at 429.
Section 70.11 (24), Stats., suffers from this same infirmity. Even though this statute, like the one in Gottlieb, has the laudable purpose of contributing to the public welfare by the encouragement of worthwhile private enterprise, it is apparent that the property of owners who have made certain improvements is subject to a portion of the property tax; but by sec. 70.11 (24), Stats., it is not subject to all of the tax that would fall on other property of equal current value; it is thus partially exempt. These owners who have made these improvements are given preferential treatment, and their property bears less of its tax burden on the true ad valorem basis than does other property. Other taxpayers holding equally valuable property will be paying a disproportionately higher share of local property taxes.
I have taken into account the strong presumption of constitutionality enjoyed by every statute. However, because of the strong similarity between this statute and the urban redevelopment law struck down by the court in the Gottlieb case, I am of the opinion that sec. 70.11 (24), Stats., is unconstitutional as violative of Wis. Const. art. VIII, sec. 1.
BCL:JEA
[1] Section 70.11 (24), Stats., provides:
"Property in conservation area. (a) Any city, town or village may establish a conservation area (hereafter in this subsection referred to as `area') by resolution of its governing board. Such resolution shall state:
"1. The boundaries of the area;
"2. The substandard, outworn or outmoded condition of the industrial, commercial or residential buildings in the area;
"3. That such conditions impair the economic value of the area;
"4. That the continuation of such conditions depreciates values, impairs investments and reduces the capacity to pay taxes;
"5. That it is necessary to create with proper safeguards inducements and opportunities for the employment of private investment and equity capital in the replanning, rehabilitation and conservation of the area;
"6. That through rehabilitation, conservation or replanning the area may improve the general welfare of the city, town or village and protect its tax base;
"7. That by virtue of additions, betterments or alterations made to the structures in the area, the health, safety, morals, welfare and reasonable comfort of the citizens will be protected and enhanced.
"(b) Any improvement made by an owner commenced after the adoption of a local ordinance or resolution through private investment to any existing completed structure in the area shall be deemed to be made for the purposes and objectives of the area and shall be excluded by the assessor of such locality in arriving at the assessment of the real estate, but not to exceed the maximum amount established by the municipality in the exemption period specified in par. (c), provided that the actual cost of such additions, betterments or alterations to the owner of the property is $200 or greater.
"(c) The assessment exemption granted by this subsection may continue for 5 assessment years and shall not be extended beyond that time. The maximum value of any assessment exclusion for said 5-year period shall be either $1,000 or 10% of the value of the improved property. The governing body of a municipality coming under this subsection shall determine which statutory maximum shall apply to the municipality and then shall set the maximum for the municipality, which shall be equal to or lower than the chosen statutory maximum.
"(d) Whenever an owner of property within the area has made such improvements, alterations or additions for the purpose of enhancing the value of the real estate and to comply with the requirements of the resolution creating the area, such owner may apply to the assessor, or to the tax commissioner in any city, town or village having such official, requesting that an exemption be granted from that part of the tax assessment against his property which would otherwise be levied except for such exemption, but in no event shall an exemption be granted in excess of the maximum amount established under par. (c). Such owner shall file an affidavit in the form approved by the assessor or tax commissioner, setting forth the date when such improvements, additions or betterments were completed, their actual cost, their nature and description, and the manner in which the real estate will be improved as a result of such additions, betterments or improvements, together with such other information as the assessor or tax commissioner requires. Within 90 days from the date such affidavit is filed, the assessor or commissioner shall communicate his decision to the owner as to whether or not the exemption is granted. If the exemption is refused a review of the determination of the assessor or commissioner shall be had before the board of review at the earliest time the board is in regular session. The determination of the board of review shall be final and conclusive and no appeal shall lie with respect thereto.
"(e) The commissioner, or the assessor, shall in the event an exemption is granted in accordance with this subsection certify to the governing body of such city, town or village that the exemption has been granted and shall specify assessment dates on which such exemption shall operate and shall stale briefly the reasons why the exemption is accorded. The commissioner, or the assessor as the case may be, shall then enter such exemption upon the assessment roll opposite the property affected by the exemption.
"(g) The governing body of any city, town or village may by ordinance or resolution establish procedures for giving effect to this subsection not in conflict therewith.
"(h) The improvements herein contemplated must be done pursuant to a permit from the local building inspector if a permit is required for the particular type of improvement."